**FILED**
CLERK, U.S. DISTRICT COURT

06/08/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 5:22-cr-00142-DMG |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(A)(viii), (b)(1)(B)(i): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(i): Possession of Firearms in Furtherance of Drug Trafficking Crimes; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm and Destructive Device; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 18 U.S.C. § 922(g)(5)(A): Alien in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ANTONIO MANZO-ANDRADE, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about July 26, 2017, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE

knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 4,933 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 1, 2018, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 5,229 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 6, 2019, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 5,578 grams, of methamphetamine, a Schedule II controlled substance.

1

                                  COUNT FOUR

2

                    [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II)]

3

        On or about May 14, 2019, in Riverside County, within the

4

Central District of California, defendant ANTONIO MANZO-ANDRADE

5

knowingly and intentionally possessed with intent to distribute at

6

least five kilograms, that is, approximately 20.01 kilograms, of a

7

mixture and substance containing a detectable amount of cocaine, a

8

Schedule II narcotic drug controlled substance.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about May 14, 2019, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 7,798 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i)]

On or about May 14, 2019, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE, knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 467 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

                             COUNT SEVEN

                       [18 U.S.C. § 924(c)(1)(A)(i)]

     On or about May 14, 2019, in Riverside County, within the
Central District of California, defendant ANTONIO MANZO-ANDRADE
knowingly possessed firearms, namely, a Hi-Point Firearms, model C9,
9mm caliber semi-automatic pistol, bearing an obliterated serial
number, and an Armscor Precision, model 1911 A1 FS, .45 caliber semi-
automatic pistol, bearing serial number RIA1947992, in furtherance of
drug trafficking crimes, namely, Possession with Intent to Distribute
Cocaine, in violation of Title 21, United States Code,
Sections 841(a)(1), (b)(1)(A)(ii)(II), as charged in Count Four of
this Indictment, Possession with Intent to Distribute
Methamphetamine, in violation of Title 21, United States Code,
Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Five of this
Indictment, and Possession with Intent to Distribute Heroin, in
violation of Title 21, United States Code, Sections 841(a)(1),
(b)(1)(B)(i), as charged in Count Six of this Indictment.

                                   8

COUNT EIGHT

[26 U.S.C. § 5861(d)]

On or about May 14, 2019, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE knowingly possessed a firearm and destructive device, namely, an M203 grenade launcher, that defendant MANZO-ANDRADE knew to be a firearm and destructive device, as defined in Title 26, United States Code, Sections 5845(a)(8) and (f), and which had not been registered to defendant MANZO-ANDRADE in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code.

COUNT NINE

[18 U.S.C. § 922(o)(1)]

On or about May 14, 2019, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), namely, a M16-type, .223/5.56 caliber firearm assembled utilizing a machinegun receiver of unknown origin, with unknown manufacturer, bearing a counterfeit serial number (commonly referred to as a "ghost gun"), which defendant MANZO-ANDRADE knew to be a machinegun.

COUNT TEN

[18 U.S.C. § 922(g)(5)(A)]

On or about May 14, 2019, in Riverside County, within the Central District of California, defendant ANTONIO MANZO-ANDRADE, knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.   A Colt, model Colt Government, .45 caliber semi-automatic pistol, bearing serial number CV40258;

2.   A Hi-Point Firearms, model C9, 9mm caliber semi-automatic pistol, bearing an obliterated serial number;

3.   An Armscor Precision, model 1911 A1 FS, .45 caliber semi-automatic pistol, bearing serial number RIA1947992;

4.   Seven rounds of Sellier & Bellot .45 caliber ammunition;

5.   One round of Sig Sauer .45 caliber ammunition;

6.   14 rounds of Cascade Cartridge Inc. .45 caliber ammunition;

7.   Approximately 1,256 rounds of Tula 7.62x39mm caliber ammunition;

8.   25 rounds of Tula 9mm caliber ammunition;

9.   26 rounds of Remington 9mm caliber ammunition;

10.   One round of Sellier & Bellot 9mm caliber ammunition;

11.   12 rounds of Cascade Cartridge Inc. 9mm caliber ammunition;

12.   Approximately 160 rounds of Wolf 7.62x39mm caliber ammunition;

Defendant MANZO-ANDRADE possessed such firearms and ammunition knowing that he was an alien illegally and unlawfully present in the United States.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2.    Defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the

preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts Seven, Nine or Ten of this Indictment.

2.    Defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in Count Eight of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm involved in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

15

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

_____
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

RUBEN ESCALANTE
Assistant United States Attorney
Riverside Branch Office